IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 06-419 |
| | ) | |
| MARK FELDER | ) | |

MEMORANDUM ORDER

Defendant has filed a motion to suppress certain evidence seized pursuant to a search warrant. Defendant has standing to bring this motion. Defendant argues that the search warrant was defective because the affidavit in support of the subject warrant lacked probable cause and was not sufficiently particular. Defendant further argues that the affidavit contained stale information. A hearing was held on May 16, 2008. Because we find that the warrant was supported by probable cause, sufficiently particular, and not based upon stale information, we will deny the motion.

I. STANDARD OF REVIEW

In a motion to suppress evidence seized pursuant to an alleged violation of the Fourth Amendment, the allocation of the burden of proof depends upon whether or not a warrant was issued. "In federal courts, if the search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality; if the government acted without a warrant, the government bears the burden of establishing legality." U.S. v.

Dunbar, No. 06-386, 2007 WL 1451437, *2 (W.D. Pa. May 15, 2007) (citing U.S. v. Johnson, 63 F.3d 242 (3d Cir. 1995)).

A reviewing federal court will not conduct a de novo review of an issuing court's probable cause determination. The duty of a reviewing court is simply to insure that the issuing authority had a substantial basis for concluding that probable cause existed. The task of the issuing court is simply to determine whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. This standard does not mean that this court should simply rubber stamp the issuing court's conclusions. But that the role of this court is quite limited.

The supporting affidavit must be read in its entirety and in a common sense and nontechnical manner. Moreover, statements in an affidavit must not be read in isolation. The affidavit must be read as a whole.

## II. FINDINGS OF FACT

The court finds that the credible evidence establishes the following:

1. On August 11, 2006, Assistant Chief of Police for the Duquesne Police Department, R. Scott Adams, presented an application for a search warrant for a residential building located at 1003 Kennedy Avenue, Duquesne, Pennsylvania 15110 to District

Justice Scott H. Schricker. Attached to the application was an affidavit of probable cause sworn to by Chief Adams.

2. The district justice reviewed the affidavit and application. The affidavit indicates that after receiving complaints regarding drug activity occurring in a certain church parking lot, the Duquesne police conducted surveillance of the parking lot in April of 2006. During this surveillance investigation, police observed the activities of Rayshawn McDonald, who was known to police as having a history of selling heroin. Over the course of April 19 and 20, 2006, police observed Rayshawn McDonald approach three vehicles, quickly place his hands inside the vehicles, and leave the parking lot. On the third occasion, police observed him return to his residence at 1003 Kennedy Avenue in Duquesne.

3. The affidavit further provides that after receiving information from anonymous sources, police conducted another investigation in August of 2006 at the intersection of Ellis Way and Earl Street in Duquesne. The officers observed Rayshawn McDonald approach a truck, make an exchange, and return to 1003 Kennedy Avenue. Police then stopped the truck. The driver of the truck was in possession of seven bags of heroin and stated that Rayshawn McDonald had sold them to him.

4. Based upon these facts, the district justice found probable cause to search the building and issued a warrant that

authorized the search and seizure of the following items: heroin and the paraphernalia used to prepare, package, contain, hide, use, store, administer the same; any papers or documents to further establish proof of ownership/occupancy/residency; all monies and firearms suspected to be associated with illegal drugs and any keys which may assist in proving any of the above; and any electronic devices such as cellular phones that can be used to facilitate the sale of heroin.

5. The warrant was executed on August 11, 2006.

6. When Chief Adams and other Duquesne police officers approached the residence at 1003 Kennedy Avenue and announced that they intended to execute the warrant, Officer Daniel Thiem observed Defendant Felder exit a third story window, throw a gallon-size ziplock bag, and attempt to flee. The ziplock contained 415 packets of heroin.

7. The officers searched the entire residence, including Defendant Felder's bedroom.

8. The search resulted in the seizure of certain items that the government may introduce at the trial in this matter as evidence of Defendant Felder's guilt.

9. Police seized the heroin abandoned by Defendant Felder as well as the following items from his bedroom: a bag of crack, $5,789 in cash, a Glock handgun .40 caliber, a digital scale, four cellular phones, and numerous surgical masks and latex gloves.

4

Reading the subject affidavit in the manner prescribed above, the court concludes that it contained sufficient facts to support the district justice's finding of probable cause to believe that evidence of wrongdoing would be found at 1003 Kennedy Avenue, Duquesne.

III. GOOD FAITH EXCEPTION UNDER LEON

In addition, assuming arguendo that the warrant lacked probable cause, the evidence would still be admissible under the good faith exception to the warrant requirement as set forth in U.S. v. Leon, 468 U.S. 897 (1984). Under Leon, evidence need not be suppressed when police obtain the evidence through objective good faith reliance on a facially valid warrant, even if that warrant is later found to lack probable cause. The Supreme Court has identified four situations in which police reliance on a warrant is not objectively reasonable: (1) when the magistrate issued the warrant in reliance upon a deliberately or recklessly false affidavit; (2) when the magistrate abandoned his judicial role and failed to act in a neutral and detached manner; (3) when the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief of its existence entirely unreasonable; and (4) when the warrant was so facially deficient that an officer could not reasonably have believed it to be valid. Leon, 568 U.S. at 923. We find none of these situations

5

here.

Therefore, the motion is DENIED.

BY THE COURT:

[signature] J.

cc: All Counsel of Record